MDNC 3/02

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
in the United States District Court for the Middle District of North Carolina

FREDERICK LYNN ATWATER

(Enter above full name of plaintiff—only one plaintiff)
permitted per complaint)

v.

PAT NADOLSKI

FILED
OCT 11 2018
Clerk U.S. District Court
Greensboro NC
BY ___

18CV866

(Enter above full name of defendant or defendants)

I. Previous law suits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes (X) No (X)

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to previous lawsuit:
         Plaintiffs: ~~Paul G. Buter Jr. et al.~~ Frederick Lynn Atwater

         Defendants: Paul G. Buter Jr. et al

      2. Court (if federal court, name the district; if state court, name the county):
         EASTERN DISTRICT Western Division
      3. Docket number: 5:15-CT-3229-FL
      4. Name of judge assigned to case: Hon. Louise W. Flanagan
      5. Disposition (for example, was the case dismissed? appealed? is it still pending?)
         dismissed, appeal and still pending
      6. Approximate date of filing lawsuit: September 1, 2015

II. Previous *in forma pauperis* lawsuits

   A. While incarcerated or detained in any facility, have you filed a lawsuit in any federal court in which you were allowed to proceed *in forma pauperis* (without prepayment of fees)?
      (√) Yes    ( ) No
      1. Name the court and docket number for each: Eastern District of North Carolina Western Division Case Number: 5:15-CT-3229-FL

B. Were any of these cases dismissed under 28 U.S.C. § 1915(d) on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted? Yes ( )  No (✓)
   1. If yes, how many? _____
   2. Name the court and docket number for each: _____

III. Exhaustion of Inmate Administrative Remedies

   A. Did you present the facts of each claim relating to your complaint to the Inmate Grievance Commission or any other available administrative remedy procedure? Yes (✓) No ( )
   B. If your answer is Yes:
      1. When did you file your grievance?  march 2014
      2. What was your grievance? Defendant disregard the mandates of current operational appropriation acts
      3. Did you appeal any adverse decision to the highest level possible in the administrative procedure? Yes (✓) No ( )
         If yes, when was the decision and what was the result? June 2014

   C. If your answer to A is no, identify the claim(s) and explain why not: _____

IV. Parties

   A. Plaintiff(s)

      Name of plaintiff:
      Frederick Lynn Atwater
      Current address (place of confinement):
      Hoke Correctional Institution
      243 old Hwy 211 Raeford NC 28376
      (You may lose important legal rights unless you immediately notify the court of any address change.)

   B. Defendant(s)  (NOTICE: A person must be identified in this subsection B in order to be considered and served as a defendant.)

      Name of defendant 1: Pat T. Nadolski
      Position: _____
      Place of employment:
      District Attorney of Alamance County
      Current address: _____

      Additional defendant(s) (provide name, position, place of employment, and current address for each)
      Defendant 2: _____

      Defendant 3: _____

      Defendant 4: _____

-2-

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDERICK LYNN ATWATER,
            Plaintiff,

V.                                              CASE NUMBER.

PAT T. NADOLSKI,
            Defendant,

## I. INTRODUCTION

1. This is a civil rights action filed by Frederick Lynn Atwater, a state prisoner for injunctive relief under 42 U.S.C. 1983 to redress the deprivation under color of state law, of the rights secured by the Constitution, alleging violation of his Liberty interest and the DUE PROCESS CLAUSE of the FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, and ARTICLE 1, SECTION 19 OF THE NORTH CAROLINA CONSTITUTION.

## II JURISDICTION

2. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3) plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal rules of civil procedures.

3. The middle District of North Carolina is the appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

## III PLAINTIFF

4. Plaintiff Frederick Lynn Atwater is and was at all times mentioned herein a prisoner of the state of North Carolina in the custody of the North Carolina Department of Public Safety Division of Prisons.

## IV. DEFENDANT

5. Defendant Pat T. Nadolski is the District Attorney for the Fifteenth A-Judicial District for Alamance County, North Carolina.

## V. FACTS

6. November 25, 1990 officer G.W. Bumgarner, officer Linda Evans of the Mebane Police Department, and Janet Fuqua of the Alamance County Sheriff Department came to 713 Vance Street apartments Mebane, North Carolina the home of Frederick Lynn Atwater and Charie Jacinta Whitfield and arrested Frederick Lynn Atwater for First Degree Rape of step-daughter Charie Jacinta Withfield who was taken to Alamance Hospital where she received Examination for rape victims.

7. During the investigation the crime scene search technician collected biological and physical evidence from the Bedrooms of Charie Jacinta Whitfield and Frederick Lynn Atwater which consist of Blankets, sheets, panties blood stains, and semen stains was turn over to G.W. Bumgarner the investigating office to be forward to the state crime laboratory for DNA analysis and testing the record was turn over and maintained in the case file of District Attorney Pat T. Nadolski.

8. March 04, 1991 Frederick Lynn Atwater entered a plea arrangement with the state memorialized in a plea transcript dated march 04 1991, whereby entered guilty plea pursuant to North Carolina v. Alford that allow Frederick Lynn Atwater to plead guilty to One count First Degree Rape, and one count of First Degree Sexual offense while factually maintaining his innocence as a result of the plea the two charges were consolidated for one Judgment of life sentence.

## VI. DENIAL OF DUE PROCESS

9. In 2001, eleven years after Frederick Lynn Atwater conviction the North Carolina General Assembly enacted into law provision within the General Statutes which allows for prisoners to file motions for postconviction DNA testing

10. September 25, 2015 and November 13, 2015 Frederick Lynn Atwater invoked ARTICLE 13 OF CHAPTER 15A OF THE NORTH CAROLINA GENERAL STATUTES seeking access to DNA samples from the crime scene and Requested for postconviction DNA testing of the biological and physical evidence collected during the investigation of the alleged sexual assault in 1990. by filing postconviction motions to the clerk of superior court and to Pat T. Nadolski District Attorney of Alamance county, due to the time of Frederick Lynn Atwater trial and conviction DNA testing was not available or was available but not technologically capable of providing probative results.

11. January 11, 2016 and February 03, 2016. The Hon. Judge Allen Baddour entered order whereby denying Frederick Lynn Atwater motion for postconviction DNA test along with Frederick Lynn Atwater Affidavit of innocence without merit.

12. January 22, 2016 and February 12, 2016 Frederick Lynn Atwater filed a notice of appeal to the clerk of superior court of Alamance county and to Pat Nadolski District Attorney which is a permanet part of the record.

13. March 16, 2016 Frederick Lynn Atwater filed motion to appeal to the North Carolina court of appeals to review the order entered by Hon. Judge Allen Baddour

## VII. EXHAUSTION OF REMEDIES

14. Frederick Lynn Atwater, has exhausted his remedies with repect to all claims and Defendant.

## VIII. CLAIMS FOR RELIEF

15. Frederick Lynn Atwater claims that Pat. T. Nadolski violated his Fourteenth Amendment Right to Due Process under the united states constitution and ARTICLE 1. Section 19 of the North Carolina constitution by refusing to provide for the untested biological/physical evidence collected by the crime scene technician and the untest Rape kit examination

that was proformed at Alamance County Hospital November 25, 1990. pursuance to North Carolina General Statute enacted 2001 which allows for prisoners to gain postconviction DNA testing.

16. Frederick Lynn Atwater alleged that action of Pat T. Nadolski refusal to release the biological and/or physical evidence for testing deprived Frederick Lynn Atwater of his Liberty interest in utilizing State postconviction procedures to obtain reversal of his conviction and/or obtain a pardon or reduction of his sentence. Violated the Fourteenth Amendment of the United States Constitution and Article 1. Section 19 of the North Carolina constitution.

## IX. RELIEF REQUESTED

17. Wherefore Frederick Lynn Atwater requests that the court grant the following relief:

18. Issue an injunction ordering defendant Pat T. Nadolski or his agents to:
   — Immediately arrange for all biological and/or physical evidence turn over to be tested
   (a) Rape examination kit
   (b) Blood stain sheets
   (c) Semen stain
   (n) panties

19. Grant such other relief as it may appear that Frederick Lynn Atwater is entitled

Date: October 08, 2018

Respectfully submitted

Frederick Lynn Atwater - 0012500
243 old Hwy 211
Raeford, NC 28376

CERTIFICATE OF SERVICE

The undersigned hereby certifies that one copy of the foregoing civil rights action was served by enclosing the same in an envelope, with postage fully prepaid any be depositing said envelope in a united states post office mailbox, addressed to:

United STATES DISTRICT COURT
For the middle District of North Carolina
PO Box 2708
Greensboro, NC 27402-2708


This the 8th day of October 2018.

    Frederick Lynn Atwater # 0012500
    243 old Hwy 211
    Raeford, NC 28376