# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| FREDERICK L. ATWATER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:18CV866 |
| HALEY SEAN BOONE,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Haley Sean Boone's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (Docket Entry 9.) Also before the Court is Plaintiff Frederick Atwater's motion for leave to file an Amended Complaint (Docket Entry 12) and Defendant's motion to dismiss the Amended Complaint (Docket Entry 13). The motions have been fully briefed and the matter is ripe for disposition. For the reasons that follow, it is recommended that Defendant's first motion to dismiss be denied as moot, Plaintiff's motion for leave to amend the Complaint be granted, and Defendant's motion to dismiss the Amended Complaint be granted.

---

[1] Plaintiff's Complaint was filed against former District Attorney Pat T. Nadolski whose term of office ended on December 31, 2018. Haley "Sean" Boone was sworn in as his successor as the elected District Attorney for Prosecutorial District 17 on January 1, 2019. Substitution is made pursuant to Fed. R. Civ. P. 25 (d).

## I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional right to due process resulting from Defendant's refusal to have biological evidence tested pursuant to the North Carolina post-conviction DNA testing statute. (Compl. ¶ 16, Docket Entry 2.) In the early 1990s, Plaintiff was charged and pled guilty to one count of first-degree rape and first-degree sexual offense. (*Id.* ¶ 8.) Plaintiff alleges that biological and physical evidence was collected submitted to the state crime laboratory for DNA analysis and testing. (*Id.* ¶ 7.)

More than 10 years after Plaintiff entered the Alford plea, North Carolina enacted the post-conviction DNA testing statute permitting prisoners to file motions for post-conviction DNA testing. (*Id.* ¶ 9.) In September and November of 2015, Plaintiff sought testing of the evidence collected during the original investigation of the sexual assault. (*Id.* ¶ 10.) Plaintiff's request to the state trial court was denied, finding that he knew DNA testing had not been performed prior to entering a plea, and further finding that his plea was knowing and voluntary. (*Id.* ¶ 11; *see also* State Court Order, Docket Entry 16-1.) Plaintiff now brings the present action, seeking an order requiring that Defendant release the biological and physical evidence in his custody for testing to obtain reversal of Plaintiff's conviction.

After Defendant filed his first motion to dismiss, Plaintiff filed a motion for leave to amend his Complaint. (Docket Entry 12.) In the Amended Complaint, Plaintiff corrects the name and actions of Defendant. Plaintiff's proposed Amended Complaint closely resembles that of this original Complaint. He further clarifies that prior to entering the Alford plea, DNA testing was available but was not performed, which kept his counsel from investigating

the results. (Am. Compl. ¶ 14, Docket Entry 12-1.) As a result, Plaintiff pled guilty to a crime that he did not commit. (*Id.*) Plaintiff further alleges that he "does not challenge the prosecutor's conducts or the [court of appeals'] decision," but rather "challenges North Carolina postconviction DNA statute 'as construed' by the North Carolina courts." (*Id.* ¶ 23.) The Amended Complaint also asks for this Court to order DNA testing of alleged physical evidence and to order Defendant "to conduct [a] hearing related to post-conviction requests for DNA testing, pursuant to North Carolina Statutes." (*Id.* ¶ B.1, B.2.)

In his motion to dismiss the Amended Complaint, Defendant asserts the same grounds for dismissal as previously stated in his first motion. (Docket Entry 13.)

## II. DISCUSSION

### A. Motion to Amend Complaint

As previously stated, Plaintiff filed a motion for leave to amend his Complaint after Defendant filed his first motion to dismiss. In pertinent part, Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment

would be futile." *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim futile because case would not survive motion to dismiss). Here, Plaintiff filed his motion to amend eleven days after Defendant filed his first motion to dismiss. Therefore, the Court concludes that Plaintiff's motion to amend should be granted. Below the Court will determine if Plaintiff's Amended Complaint withstands Defendant's motion to dismiss the Amended Complaint.

**B. Subject Matter Jurisdiction**

Defendant first argues that this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim. (Docket Entry 14 at 3-4.) Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see also Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

4

Defendant contends that this Court lacks subject matter jurisdiction to entertain this claim pursuant to the *Rooker-Feldman* doctrine. (Docket Entry 16 at 3-4.) "Under the *Rooker–Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotations omitted). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (citing *Ernst v. Child & Youth Servs.,* 108 F.3d 486, 491 (3d Cir. 1997)). It is a narrowly tailored doctrine, such that the relief in federal court must seek to "'reverse or modify' the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

However, "litigation . . . encounters no *Rooker-Feldman* shoal [ ] [i]f a federal plaintiff "present[s][an] independent claim[.]" *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (internal quotations and citation omitted). Such independent claim "is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Id.* (internal quotations and citation omitted).

Here, Atwater's assertions challenge North Carolina's post-conviction DNA testing statute as being unconstitutional and therefore unlawful, either on its face or, at least, "'as construed' by the North Carolina courts[.]" (Am. Compl. ¶ 23.) Because he is challenging the constitutionality of the state statute, Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine. *Skinner*, 562 U.S. at 532-33; *see also Cummings v. Hunt*, No. 1:11CV202-3-MU, 2011 WL 4501401, at *1 (W.D.N.C. Sept. 28, 2011) ("Liberally construing Petitioner's Complaint, this allegation amounts to a challenge to the constitutionality of the statute."). Nevertheless, as further explained below, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.[2]

**C. Failure to State a Claim**

Defendant moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint for failing to state a claim upon which relief can be granted. (Docket Entry 16 at 6-8.) Plaintiff's assertions are that North Carolina's refusal to test his DNA, per the state courts' interpretation of the post-conviction DNA testing statute, both deprived him of his liberty interests and violated his due process rights. These assertions are conclusory and are not supported by sufficient factual allegations, and, thus should be dismissed.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain

---

[2] Defendant also asserts grounds for dismissal for lack of personal jurisdiction and under the doctrine of prosecutorial immunity. (Docket Entry 16 at 4-6, 8.) Because the undersigned recommends dismissal for failure to state a claim upon which relief may be granted, the Court will not discuss Defendant's other arguments for dismissal.

6

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted).

The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

Here, Plaintiff fails to allege specific defects in the state courts' interpretation of the post-conviction DNA statute—such as defects in the state courts' interpretation of protections in the context of guilty pleas (*Alford* or otherwise)—and thus fails to state a claim for which relief can be granted.

Plaintiff does have "a liberty interest" in demonstrating his innocence with new evidence under state law. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009). Furthermore, via a § 1983 action, he may pursue a procedural due process claim for post-conviction DNA testing. *Skinner*, 562 U.S. at 525. "To state such a claim, a plaintiff must allege facts sufficient to show that the State's statute and post-conviction process are 'inadequate to vindicate the substantive rights provided.'" *Worrell v. Wayne Cty. Dist. Attorney's Office*, No. 5:12-CT-3121-FL, 2012 WL 10938955, at *2 (E.D.N.C. Dec. 6, 2012) (citing *Osborne*, 557 U.S. at 69), *aff'd*, 521 F. App'x 267 (4th Cir. 2013).

North Carolina's statute allowing post-conviction DNA testing states, in relevant part:

> (a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing . . . if the biological evidence meets all of the following conditions:
>> (1) Is material to the defendant's defense.
>> (2) Is related to the investigation or prosecution that resulted in the judgment.
>> (3) Meets either of the following conditions:
>>> a. It was not DNA tested previously.
>>> b. . . .
>
> (b) The court shall grant the motion for DNA testing and . . . run [ ] profiles obtained from the testing [ ] upon [ ] determination that:
>> (1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;
>> (2) If the DNA testing being requested had been conducted on the evidence, there

8

> exists a reasonable probability that the verdict would have been more favorable to the defendant; and
>
> (3) The defendant has signed a sworn affidavit of innocence.

N.C. Gen. Stat. § 15A-269.

The statute provides for appropriate procedural protections in the context of post-conviction relief; furthermore, in the context of guilty pleas, the North Carolina Court of Appeals has provided some guidance. That Court has recognized that guilty pleas do not preclude access to post-conviction DNA testing relief, however such pleas do make establishing "materiality" (§15A-269(a)(1)) more difficult:

> Defendant pleaded guilty. We acknowledge the inherent difficulty in establishing the materiality required by N.C. Gen. Stat. § 15A-269 for a defendant who pleaded guilty: a defendant must show that there is a reasonable probability . . . that Defendant would not have pleaded guilty *and otherwise would not have been found guilty*. . . . The trial court is obligated to consider the facts surrounding a defendant's decision to plead guilty in addition to other evidence, in the context of the entire record of the case, in order to determine whether the evidence is "material." *See Lane*, 370 N.C. at 522, 809 S.E.2d at 577 . . . .

*State v. Randall*, 817 S.E.2d 219, 221 (N.C. Ct. App. 2018) (emphasis in original). In the matter before this Court, the state trial court, applying the post-conviction DNA testing request standard appropriate for guilty pleas, noted that, "at the time [Atwater] entered the plea, he knew that no DNA testing had been performed, and accepted a plea arrangement. There was no DNA testing for his counsel to investigate. His plea was knowing and voluntary, and he has demonstrated nothing to the contrary." (Docket Entry 16-1 at 2.)

Again, Plaintiff's Amended Complaint makes the following allegations:

9

> [(1)] [T]he state's refusal [ ]to release the biological evidence for testing deprived [Plaintiff] of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain pardon or reduction of his sentence.
>
> [(2)] Atwater does not challenge the prosecutor's conduct or the COA's [sic] decision: instead Atwater challenges North Carolina's postconviction DNA statute "as construed" by the [sic] North Carolina courts.
> . . .
>
> [(3)] North Carolina['s] [s]tatute for postconviction DNA testing is insufficient to protect plaintiff's liberty interest of establishing his innocence.
>
> [(4)] North Carolina['s] postconviction statute is constitutionally defective when there is no due process right to DNA testing violated plaintiff['s] rights to demonstrate his innocence with new evidence under state law.

(Am. Compl. ¶¶ 22-23, A.3, A.4.)

None of these statements allege any specific defects in North Carolina's courts' interpretation of the proper procedural protections of a convicted person's liberty interests implicated by the state's post-conviction DNA statute—either in the context of guilty pleas, or otherwise. *See, e.g.*, *Cummings*, 2011 WL 4501401, at *1 ("[T]he Court notes that Plaintiff does challenge that part of the statute that prohibits an appeal of a denial of a motion pursuant to § 15A–269."); *Skinner*, 562 U.S. at 530 ("[The plaintiff] challenge[d], as denying him procedural due process, Texas' . . . statute 'as construed' by the Texas courts. . . . (Texas courts, Skinner's counsel argued, have '*construed the statute to completely foreclose any prisoner who could have sought DNA testing prior to trial[,] but did not[,] from seeking testing' postconviction*)[.]" (emphasis added)).

The absence of any specific defect or inadequacies in the state courts' interpretation of the post-conviction DNA statute renders Plaintiff's allegations conclusory in fashion—no more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff only asserts that North Carolina's statute is generally defective and insufficient to offer adequate protection to his liberty interest. Because the allegations are conclusory, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. *Worrell*, 2012 WL 10938955, at *3 (finding that "plaintiff has not alleged facts to establish that N.C. Gen Stat. § 15A–269 or the post-conviction process was inadequate to vindicate the substantive rights provided"); *see also Elam v. Lykos*, 470 F. App'x 275, 276 (5th Cir. 2012) (considering Texas' post-conviction DNA statute and affirming lower court's holding that Plaintiff did not establish that his due process rights were violated).

## III. CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 9) be **DENIED** as moot, Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 12) be **GRANTED**, Defendant's Motion to Dismiss Amended Complaint (Docket Entry 13) be **GRANTED**, and this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

July 17, 2019
Durham, North Carolina

11